**LINDSEY v. TEXAS & N. O. R. CO. et al.**

No. 2802.

Court of Civil Appeals of Texas. Beaumont.

Nov. 7, 1935.

Kemper, Hicks & Cramer, of Houston, for appellant.

Baker, Botts, Andrews & Wharton and King, Wood & Morrow, all of Houston, W. B. Handley, of Dallas, and Roberts & Orem, of Houston, for appellees.

WALKER, Chief Justice.

On the 28th day of July, A. D. 1930, the Galveston, Harrisburg & San Antonio Railway Company (the properties of which are being operated by the Texas & New Orleans Railroad Company), hereinafter styled "owner," and Woodruff Construction Company, Inc., of Houston, Tex., hereinafter styled "builder," entered into a contract in writing whereby, for the consideration of $41,751, the builder agreed to construct "a thirty foot (30') by thirty foot (30') nine inch (9") extension to the west end of the south annex of the 'Southern Pacific Hospital' in Houston, Tex.; also a twenty-four foot (24') by thirty-six foot (36') nine inch (9") extension to west end of (center) or Administration Building of said Hospital and will remodel other portions of said hospital, in accordance with the Owner's plans." In connection with the work to be performed, the builder, by the terms of the contract, agreed to the following conditions:

"Article IV. (a) The Builder agrees to take out and keep in force Fire and Tornado Insurance upon the structure until it has been finally completed and accepted by the Owner under the terms of this agreement, such policies to be made payable to the Owner as its interest may appear.

"(b) The Owner shall set the amounts for which said policies shall be made, the amounts of said insurance to be variable as the work progresses.

"(c) The Builder expressly agrees to maintain compensation insurance with an Insurance Company of good standing and authorized to do business in the State of Texas, covering full liability of the Builder for compensation to injured persons or their dependents as defined in the Workmen's Compensation Law contained in chapter 179 of the General Laws of the State of Texas, passed at the regular session of the Thirty-third Legislature of the State of Texas and said law as amended by Act approved March 28th, 1917, Chapter 103 to Acts of Thirty-fifth Legislature and Acts amendatory thereof, and will also procure such public liability insurance as will properly protect the Owner during the progress of this work.

"Any and all premiums on policies procured by the Builder shall be paid by the Builder."

The builder duly entered upon the performance of the obligations of this contract, and, for that purpose, employed the necessary workmen, one of whom was appellant, J. H. Lindsey; for the protection of its workmen the builder carried compensation insurance according to the terms of the written contract. On the 7th day of August, 1930, while in the discharge of the duties of his employment, appellant received a compensable injury and on his application to the Industrial Accident Board was allowed the full statutory compensation, paid in a lump sum, for permanent total incapacity. In his application to the Industrial Accident Board, appellant made the following statement, "On the 7th day of August, 1930, while in the employ of W. E. Woodruff Construction Company, Inc., I sustained a very serious injury," thereby making his claim for compensation as an employee of the builder. After receiving this compensation settlement, on the 6th day of August, 1932, just two days before his cause of action was barred by limitation, appellant, J. H. Lindsey, instituted this suit against the two railroad companies, the Galveston, Harrisburg & San Antonio and Texas & New Orleans Railroad Company, claiming damages for his injuries as at common law. Hartford Accident & Indemnity Company intervened, praying for judgment out of plaintiff's recovery, if any, to the amount of compensation paid by it to him. The railroad companies made Woodruff Construction Company and its surety, Employers Liability Assurance Corporation, Limited, defendants, praying judgment over against them for any sum they might be forced to pay plaintiff, pleading also that Woodruff Construction Company was an independent contractor. Woodruff Construction Company answered by general denial and by plea that it had carried compensation insurance for the benefit of plaintiff, and that he had been awarded and had accepted his compensation insurance. On conclusion of the testimony, the trial court instructed a verdict against plaintiff, and thereupon judgment was entered against him and in effect that intervener and all of the defendants go hence without day with their costs.

It was appellant's theory of the case in the court below, brought forward in his briefs: (a) That Woodruff Construction Company, as the builder, was not an independent contractor in doing the repair work for the railroad companies, as owner, but did this work merely as agent of the owner; (b) that the railroad companies, on this particular character of work, were within the provisions of the Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.); that they carried no compensation insurance and, therefore, were deprived by law of the defenses of "fellow servant," "assumed risk," and "contributory negligence"; (c) that appellant raised an issue of fact for the jury against the defenses of fellow servant, assumed risk, and contributory negligence. For the purposes of this opinion we concede that appellant was right in his construction of the contract and in the legal duty of the railroad companies to carry compensation insurance. On these concessions the verdict was properly instructed against appellant.

■ Under the terms of its contract with the railroad companies, as owner, Woodruff Construction Company, as builder, carried compensation insurance for the protection of its employees. Appellant was

a beneficiary of this compensation insurance, and as an employee of Woodruff Construction Company filed his claim with the Industrial Accident Board for compensation, which was awarded him. If the railroad companies were under a legal duty to appellant to provide compensation insurance for him while on this construction job, they performed this duty by requiring their agent to carry the compensation insurance. This was not a "gratuity" on the agent's part, but was an obligation assumed by it on a valuable consideration; a part of its contractual obligation to the railroad companies. Under the terms of our Workmen's Compensation Act appellant could receive the benefit of only one compensation insurance policy; it is immaterial to him whether that policy was carried by the railroad companies or by its agent. He has received the very protection provided for him by our Workmen's Compensation Act, and has been awarded all the compensation he could have possibly received under that act. As a matter of law, appellant was barred from his common-law action by the express terms of our Workmen's Compensation Act.

But if in error in that conclusion, and if it be conceded that he had a right of election between the compensation carried by the agent and the employer's common-law liability, he elected to receive his compensation insurance. Clearly he could not have both causes of action.

Appellees concede that no Texas case has decided either of these propositions; that is: (a) Appellant's absolute bar, by reason of the compensation carried by the agent; and (b) his election to receive his compensation under the terms of the compensation act. But they have cited Scott v. O. A. Hankinson & Co., 205 Mich. 353, 171 N.W. 489, by the Supreme Court of Michigan, directly in point on the issue of election. We take from their brief the following review of that case:

"Hankinson & Company were contractors on a certain building and they sublet part of the work to the Toledo Company and thereafter when the Toledo Company got in difficulties Hankinson & Company agreed to advance certain money and to employ certain skilled laborers for them. Acting under that agreement Hankinson & Company employed Scott. Scott was injured, and claimed and received an award of workmen's compensation against Hankinson & Company's insurer. The insurer appealed on the ground that Scott was the employee of Toledo Company and not of Hankinson & Company. In affirming the award of the Industrial Accident Board, the court said:

"'Even if it might be conceded that the real purpose of Hankinson & Co., and the Toledo Company was that Mr. Scott should be considered as in the employ of the latter—that he was to have been placed on its pay roll and under the direction of its foreman, it would not necessarily follow that the finding and award in this case was erroneous. If O. A. Hankinson & Co. were acting as agents and in making the contract of hiring failed to disclose their principal, and Mr. Scott was led to enter into the contract under the belief that he was contracting with Hankinson & Co., as principals, there can be no doubt, it seems to us, that Mr. Scott, upon learning the true state of facts, could treat his contract as binding either Hankinson & Co., or the Toledo Company, at his election. Having elected to hold O. A. Hankinson & Co., they must answer to him as principals, and a sufficient contract of hiring existed between them to enable Mr. Scott to enforce a claim under the Workmen's Compensation Law against the said company.'"

The judgment of the lower court is in all things affirmed.