## WARR LUMBER CO. et al. v. HENRY et al.

No. 29634. April 8, 1941.

*112 P. 2d 358.*

Pierce & Rucker and Fred M. Mock, all of Oklahoma City, for petitioners.

Lillard & Gibbons and Wayne Wheeling, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This proceeding is brought by Warr Lumber Company and its insurance carrier, Maryland Casualty Company, hereinafter referred to as petitioners, to vacate an award against them. Said award was entered against them and C. E. Fletcher in favor of V. E. Henry, an employee of C. E. Fletcher. The State Industrial Commission found that the respondent, V. E. Henry, was an employee of C. E. Fletcher, who was an independent contractor for the said Warr Lumber Company, and based upon such finding entered a primary award against C. E. Fletcher and a secondary liability against the Warr Lumber Company and its insurance carrier, Maryland Casualty Company.

Respondent was employed by C. E. Fletcher, who was engaged in building a number of residences in Hillcrest addition to the city of El Reno. Respondent sustained an accidental injury on or about the 12th day of August, 1938, while engaged as a laborer on job No. 5 of the particular series of residences being constructed by Fletcher. Petitioner Warr Lumber Company agreed to and did furnish the necessary financial assistance for the payment of the laborers and extended the necessary credit for material and supplies so that Fletcher could pay his labor and obtain the necessary materials for the completion of the residences. Otherwise the petitioner Warr Lumber Company had no interest whatever in the construction of the residences. This did not constitute Fletcher an independent contractor of the Warr Lumber Company under the decisions of our court; see Oklahoma Oil Corp. v. Tuttle, 187 Okla. 467, 103 P. 2d 516; Tahona Smokeless Coal Co. v. State Industrial Commission, 128 Okla. 188, 261 P. 941; nor was the Warr Lumber Company a joint adventurer with said contractor.

A somewhat similar situation was discussed by this court in Commercial Lumber Co. v. Nelson, 181 Okla. 122, 72 P. 2d 829. Therein an award had been made against the building contractor primarily and the Commercial Lumber Company secondarily. This court vacated the award. In discussing the liability the court said:

"The profit accruing, however, must be joint and not several, otherwise every person, firm, or individual who furnished material or supplies or performed work or labor in connection with the enterprise might be termed joint adventurers therein whether they had any such intention or not. There is no evidence in the record to show that Claude L. McKinney and Commercial Lumber Company ever intended to engage in a joint adventure and the facts do not sustain the existence of such relation."

Although it is not claimed herein that petitioner Warr Lumber Company was a joint adventurer, it is claimed that the Warr Lumber Company had such an interest as to be liable under the provisions of section 13351, O. S. 1931, 85 Okla. St. Ann. § 11. With this contention we cannot agree.

We are convinced that there is no evidence in the record to justify the award against the Warr Lumber Company, and the award against it and its insurance carrier is vacated.

CORN, V. C. J., and RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur.