M. E. GILLIOZ and American Insurance Company, Petitioners,

v.

Opal FREEMAN, Executrix of the Estate of Glen D. Freeman, deceased, Muskogee Construction Company, a corporation, State Insurance Fund and the State Industrial Court, Respondents.

No. 39379.

Supreme Court of Oklahoma.

July 11, 1961.

Rhodes, Crowe, Hieronymus & Holloway, by Philip N. Landa, Tulsa, for petitioners.

Russell Ruby, Muskogee, Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BERRY, Justice.

Opal M. Freeman, executrix of the estate of Glen D. Freeman, as his widow filed a claim in the Industrial Court under the Death Benefit provisions of the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq. The claim was filed against Muskogee Construction Company and its insurance carrier, State Insurance Fund, wherein M. E. Gillioz was made a party to the proceeding. An award was entered by the State Industrial Court for the maximum amount of $13,500 against Gillioz and his insurance carrier, American Insurance Company, only. They brought this proceeding to review the award.

The evidence discloses that Muskogee Construction Company consisted of Abe Lincoln and employee, Glen D. Freeman. This partnership had on file with the State Industrial Court a workmen's compensation policy issued by the State Insurance Fund. Gillioz was a prime or general contractor on a project with the State Highway Department and was engaged in a project in Tulsa County known as F–12(19). On October 23, 1958, Gillioz entered into a contract with Muskogee Construction Company to perform certain work on this project between Bixby, Oklahoma, and Leonard, Oklahoma. The contract had the following provisions:

> "The party of the first part (Gillioz) agrees to pay the payrolls covering work performed by the party of the

second part (Muskogee Construction Co.) on the above project, each week, when proper payrolls are submitted to the party of the first part by the second party, also social security unemployment tax, compensation insurance and any other required deductions on these payrolls which payments mentioned above will be deducted by the first party from the second party's monthly estimate, covering work performed on the above mentioned project."

In pursuance of said contract, Glen D. Freeman, hereinafter called "employee" or "Freeman", and his partner, Abe Lincoln, made up the lists for the payroll prior to each payment period and forwarded same to Gillioz. Gillioz returned the payroll list with checks paying the employees listed at each payment period. Gillioz deducted from the money to be paid the Muskogee Construction Company the amount paid on the items mentioned in the above quoted portion of the contract. The employees listed included Freeman. While employed on this project, Freeman was killed in an accidental injury arising out of and in the course of the employment when he fell from a tractor and was crushed to death on August 10, 1959.

The sole issue is which insurance carrier is liable.

Petitioners cite Warr Lumber Co. et al. v. Henry et al., 188 Okl. 619, 112 P.2d 358; and Matherly v. Hamer et al., 174 Okl. 403, 50 P.2d 619. In these cases the court discussed the liability created by 85 O.S.1951, § 11, and the resulting liability of the prime or general contractor and a subcontractor where the subcontractor failed to carry insurance under the Workmen's Compensation Act. They are not applicable herein. Neither of these cases involves a contract similar to that in the case under consideration.

In Brooks v. A. A. Davis & Co. et al., 124 Okl. 140, 254 P. 66, this Court upheld a contract or promise to pay compensation by one party involved in a project with a second party. Therein it is stated:

"Where an original contractor lets a subcontract to another, and induces him not to carry compensation insurance, with the understanding that such subcontractor report his payroll to the original contractor, for such original contractor to pay the insurance premiums based upon such payroll, and charge them back to the subcontractor and thereafter such subcontractor is engaged in hazardous work of the contractor and makes his payroll reports to the original contractor and includes himself thereon at a daily wage along with his employees doing like work for similar wages, and the original contractor accepts such payrolls, reports the same to the insurance carrier, and pays insurance premiums thereon and charges such premiums back to the subcontractor, and the premiums are accepted by the insurance carrier, the original contractor accepts the obligation to compensate such subcontractor as well as his employees for such injuries as fall within the purview of the Workmen's Compensation Law * * *, and such acceptance by the original contractor binds the insurance carrier where the contract of insurance insures against obligations to pay compensation accepted by the original contractor."

By the terms of the contract Gillioz agreed to purchase the insurance to cover the liability arising under the Workmen's Compensation Act. In pursuance thereto he deducted the premiums from the amount to be paid the Muskogee Construction Company. Under this agreement Gillioz and the insurance carrier were liable under the Workmen's Compensation Act. The State Industrial Court correctly ordered the award paid by the petitioners.

Finally, petitioners argue that if they are held liable, the liability should be shared equally by the State Insurance Fund. We do not agree. To order the State Insur-

ance Fund to pay half of the claim would be contrary to the terms of the contract. The evidence discloses that no payments were collected by the State Insurance Fund from the Muskogee Construction Company for the insurance policy on this particular project. We, therefore, decline to hold the State Insurance Fund liable for any part of the award.

Award sustained.