**CHICKASHA PLUMBING COMPANY and Commercial Standard Insurance Company, Petitioners,**

v.

**Herman ROGERS and State Industrial Court, Respondents.**

**No. 39507.**

Supreme Court of Oklahoma.

Oct. 31, 1961.

As Amended Nov. 20, 1961.

Rehearing Denied Nov. 21, 1961.

Butler, Rinehart & Morrison, Oklahoma City, for petitioners.

Farmer & Kerr, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

Chickasha Plumbing Company (hereinafter called Chickasha) seeks to set aside an award against it by the State Industrial Court to Herman Rogers, claimant, for injuries received in an accident covered by the compensation laws of Oklahoma. It is its contention that Rogers was not in the employ of Chickasha but was an employee of the Otto Scott Trucking Company.

There is little, if any, dispute as to the material facts. Chickasha engaged in the business of a plumbing contractor. Otto Scott Trucking Company (hereinafter called Scott) was a licensed class "B" carrier under the laws of this State, but was not authorized to transfer goods in interstate commerce. For a number of years Chickasha's interstate shipments of supplies were transported in the equipment owned by, and leased from, Scott under a plan approved by the federal authorities. At the time of claimant's injury the written lease in effect between Scott and Chickasha provided in pertinent part:

"1. *The Lessee shall assume direction and control of the leased motor vehicle equipment and full responsibility to the public for its operation, and be responsible for its own cargo, regardless of cause or fault.* The Lessee shall also display prominently on both sides of the leased motor vehicle equipment * * * the names of the Lessee preceded by *words* 'Operated by.'

\* \* \* \* \* \*

"7. *The Lessee, during the term of this lease agrees to employ drivers qualified under the laws of the jurisdiction governing each trip and shall be solely responsible for the deduction and payment when required by law of all payroll deductions, insurance premiums, Federal, State, City or other Civil Community unemployment compensation taxes, social security taxes, income withholding taxes, and similar taxes and contributions, due by reason of the payment of wages or other earnings to the driver and/or helper utilized in the operation of the leased motor vehicle equipment; and to assume Workmen's Compensation liability on its employees operating the leased equipment.*"
(Emphasis ours.)

Claimant sustained an accidental injury while transporting Chickasha's interstate shipment in a motor vehicle of Scott. He sought compensation from both Chickasha and Scott. The trial tribunal entered an award against Chickasha only.

For the trip in which claimant was injured, Scott provided Chickasha with a different truck from that which was described in the lease. There is no dispute, however, that Chickasha had agreed to this substitution. The evidence fails to show that the parties contemplated a different arrangement for the trip here involved. As disclosed by the record, Chickasha, consented to the substitution of trucks whenever equipment regularly used under the lease was unavailable or inoperable. In such instances, it was the accepted practice of the parties either to "blot out" the motor vehicle description in the lease and insert that of the vehicle to be used on the particular occasion, or to execute an identical lease with a proper description in it. We therefore attach no legal significance to the fact that the truck operated by claimant, when injured, was other than that regularly used under the lease.

Irrespective of whom, among the parties, the law deems to have been the master at the time of the accidental injury, claimant's status as an employee stands unchallenged and remains unaffected. Chickasha does not urge that claimant stood in the relation of an independent contractor to either of the parties. Rather, it maintains that he was in the employ of Scott. The sole issue presented on review is which party is liable.

Chickasha invites our attention to, and lays great stress upon, these undisputed facts: (a) Scott engaged claimant's services for the trip in which the latter was injured; (b) although the lease provided otherwise, it was Scott's practice to pay the driver's wages and then bill Chickasha for this amount in addition to the regular lease rentals; (c) Chickasha did not exercise any control over the manner its supplies were transported in the leased equipment. Under the facts of this case, we do not deem these matters decisive of claimant's status.

■ It is manifest that under the lease agreement Scott was not obligated to fur-

nish Chickasha with an operator for the leased vehicle. Nor was he required to provide any control over its management and movement. To the contrary, Chickasha alone possessed the power to supervise, direct and control the driver as well as the leased equipment. There is no showing that Scott either retained or sought to undertake any degree of supervision he had so relinquished to Chickasha. While the latter party may not have exercised its right of control to any appreciable extent, its failure in this respect does not alter the character or nature of its relationship to the claimant. It is the right to control a servant rather than the exercise of it that serves as a test in fixing the status of an employee. Sheppard v. Hall, Okl., 282 P.2d 212.

■ For the purpose of determining whether in a given case there exists an employer-employee relationship such as in law would give rise to liability under the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq., we first inquire as to whose work the servant was performing. This question can usually be answered by ascertaining who has the power to control and direct the servant in the performance of his work. The right to discharge the employee or the obligation to pay his wages are mere incidental indicia of control. They are not deemed exclusively determinative. Crutchfield et al. v. Melton et al., Okl., 270 P.2d 642; see also King's Van & Storage Company v. Criner, Okl., 301 P.2d 1015; Parkhill Truck Company v. Reynolds, Okl., 359 P.2d 1064.

■ It is clear from the evidence in the cause at bar that Scott released all control over claimant when the equipment was in operation under the lease to Chickasha. While claimant did not have a specific understanding with Chickasha as to the terms of his employment, the absence of such express agreement did not necessarily preclude him from becoming its servant. The relation of employer and employee may arise under our Workmen's Compensation Act by implied contract, such as knowledge and acquiescence of the employer in the services performed for his benefit by the employee. McAlester v. Tooman, Okl., 338 P.2d 1083; Garr v. Collins, 208 Okl. 113, 253 P.2d 838.

■ There is ample evidence in this cause that Chickasha not only acquiesced in, but also openly invited, Scott's practice of procuring an operator for the leased equipment. We find no error in the trial tribunal's determination that claimant, when injured, was in the employ of Chickasha.

■ There is another aspect of this cause which merits mention and impels us to the view that the trial tribunal reached the correct conclusion. By the terms of his lease agreement with Scott, Chickasha assumed the obligation to provide the operator of the vehicle with workmen's compensation insurance. Absent any showing in the record to the contrary, we must assume that Chickasha did fulfill its duty and reported claimant's wages for the purpose of paying premiums. In any event, Chickasha's agreement to provide such protection coverage was binding on it and on its insurance carrier. Both of them thus became primarily liable under the Workmen's Compensation Act, and the trial tribunal had the power to enforce the obligation so assumed. Brooks v. A. A. Davis & Co., et al., 124 Okl. 140, 254 P. 66; Gillioz v. Freeman, Okl., 363 P.2d 861. Consequently, the question of whose employee claimant really was at the time of his injury did not present an issue of paramount importance. Even if he had been an employee of Scott, he was nevertheless covered by Chickasha's policy which extended to his benefit. See, in this connection, Southern Underwriters v. Lloyds America et al., Tex.Civ.App., 133 S.W.2d 151; Lindsey v. Texas & N. O. R. Co. et al., Tex.Civ.App., 87 S.W.2d 864.

We find no errors in the proceeding. The award, not being otherwise challenged, is accordingly sustained.