[Civ. No. 10812. First Appellate District, Division One.—May 2, 1938.]

HAROLD BUSSEY, a Minor, etc., Petitioner, v. INDUS-
TRIAL ACCIDENT COMMISSION et al., Respondents.

Henry Wenzlaff for Petitioner.

Everett A. Corten for Respondents.

THE COURT.—Petitioner applied to respondent commission for an adjustment of his claim for compensation and the same was denied. The admitted facts of the case are that on or about October 22, 1937, he was employed as a doorman by the Fox West Coast Theatres, a California corporation. While acting within the scope of his employment he picked up a can of film weighing approximately one hundred pounds. In attempting to lift it to his shoulder he experienced a sharp pain in his right side, below his ribs, which forced him to lower the can. The pain continuing he reported the fact and was directed to consult a physician.

This he did, and examinations showed that he was suffering from a strangulated hernia which necessitated an operation. It is undisputed that he had performed no heavy work other than his duties in the theater, and that he has since been unable to perform any work which would involve lifting or other physical effort.

The commission found that the hernia complained of was not caused or exacerbated by an injury arising out of or in the course of his employment. The only grounds urged by respondents for the denial of compensation are that the applicant upon first reporting to a physician who was acting for the insurance carrier did not describe as the seat of the pain from which he was suffering the exact region of the hernia, namely, the groin, but referred to the pain as being immediately below his ribs on the left side. This physician did not discover the source of the trouble, but two days later, upon further examination, another physician diagnosed the case correctly and performed an operation. The applicant testified that when he consulted the first physician he was ignorant of the exact location of the groin, but indicated upon his person the place where he felt the pain. There is no question as to the fact of the hernia, and no claim is made that it was a preexisting condition, all the evidence in this respect being to the contrary. It further appears that applicant stated to the insurance carrier that he did not slip or stumble at the time of the injury, while at the hearing he testified that he slipped on the rug in the theater. The referee who presided at the hearing was of the opinion that this was a discrepancy in applicant's testimony sufficient to destroy his credibility.

Although it is within the province of the commission to determine the credit and weight to be given the testimony, it is equally well settled that facts established by the evidence may not be disregarded, and the circumstances that the pain felt or indicated was at a point a few inches from the place where the hernia was found, or that the applicant did or did not slip or stumble at the time, the fact of the injury being indisputable, were insufficient alone to destroy his credibility or to justify the denial of an award for compensation. As in the case of *Singer* v. *Industrial Acc. Com.*, 105 Cal. App. 374 [287 Pac. 567], the facts here were such as to reasonably support no conclusion other than that the

hernia was proximately caused by an accident arising out of and in the course of the employment.

The award is annulled.