(No. 6791. May 8, 1940.)

IDA GOASLIND, Respondent, v. CITY OF POCATELLO and STATE INSURANCE FUND, Appellants.

[102 Pac. (2d) 650.]

Clarence L. Hillman, for Appellants.

Anderson, Bowen & Anderson, for Respondent.

GIVENS, J.—William J. Goaslind had been employed for some four years prior to July 26, 1939, by the City of Poca-

tello as a driver of a grader propelled by a diesel motor. He drove on a platform on the grader covered by a metal top, 7 by 8 feet, supported by 4 uprights. The exhaust pipe from the motor was approximately a foot in front of the canopy or top of the cab in which Goaslind rode, extending vertically a foot above the metal top. In driving under trees the exhaust pipe had been broken at a place just about even with Goaslind's head and had been repeatedly repaired by him as part of his duties. On the day in question the pipe was broken and fumes therefrom were blown directly onto decedent who had to get out of the cab numerous times to secure relief from the effects of the gas fumes containing carbon monoxide gas. Such inhalation of carbon monoxide caused his death on the twenty-ninth. Upon application the board awarded compensation to the widow for the death of her husband as from an accidental injury.

If the last sentence in section 43–1001, as amended by section 1, chapter 161, 1939 Session Laws, page 287, construed together with section 43–2104 of section 2 of said 1939 Session Laws, being added as chapter 21 of the Workmen's Compensation Law, and the paragraph immediately following subsection 11 of section 43–2104 of the 1939 act, mean anything, they mean that where death of an employee results from an occupational disease, recovery may be had only because of the onslaught of such disease and not by reason of accidental injury. Carbon monoxide poisoning is defined by the statute[1] as an occupational disease and therefore recovery may not be sustained as for an accidental injury.

Chapter 161, 1939 Session Laws, *supra,* is supplementary to the industrial Workmen's Compensation Law and hence likewise to be liberally construed. The legislature by using the words ''buildings, sheds, or enclosed places'' very evidently meant and intended ''enclosed places'' to include other places than buildings or sheds and must have intended to include other than fixed *loci.*

[1] Sec. 43–2104, I. C. A., chapter 161, 1939 Session Laws, page 288:
''(2) Carbon monoxide poisoning in any process or occupation involving direct exposure to carbon monoxide in buildings, sheds, or enclosed places.''

Webster's New International Dictionary, second edition, defines enclosure thus: "That which is enclosed, or placed within something," and enclose: "To shut up or in; to shut or envelop in a receptacle or integument of some sort; to surround; to encompass; to bound, fence or hem in." Funk and Wagnalls New Standard Dictionary defines the term thus: Enclose: "to put a barrier around; to surround on all sides; envelop; encompass; contain." Enclosure: "that which encompasses, encloses, or shuts in, as a fence, wall, case or wrapper." 31 C. J. 393 states: Inclose or enclose, "A word with several common significations. To confine on all sides; to confine within; to envelope with surrounding material; to include; to part off or shut in by a fence; to set off as private property; to shut in; to surround." Inclosed place is defined as "a place inclosed on all sides by some sort of material."

That there is no dispute decedent died from carbon monoxide poisoning, and that the roof of the cab constituted a sufficient enclosure to deflect into decedent's lungs a lethal quantity of carbon monoxide, are sufficient reasons under a liberal construction of the statute, for holding the cab of the grader constituted an enclosure or enclosed place within the meaning of the statute.

The award to respondent may therefore be sustained on the ground that her husband died from carbon monoxide gas, as an occupational disease under the terms of the statute.

The conclusion and order of the board, to the effect that the respondent is entitled to recover compensation for the death of her husband, is affirmed, but the cause is remanded with directions to the board to fix the proper compensation for death under section 43–2107, I. C. A., chapter 161, Session Laws 1939. (*Fields v. Buffalo-Idaho Min. Co., Inc.*, 55 Ida. 212, 40 Pac. (2d) 114; *Employers' Mut. Liability Ins. Co. v. McCormick*, 195 Wis. 410, 217 N. W. 738; *Brooks v. A. A. Davis & Co.*, 124 Okl. 140, 254 Pac. 66.)

Costs to respondent.

Ailshie, C. J., and Budge, Morgan and Holden, JJ., concur.