(No. 6859.   December 10, 1940.)

LOUIS HABERA, Respondent, v. POLARIS MINING COM-
PANY and STATE INSURANCE FUND, Appellants.

[108 Pac. (2d) 297.]

Clarence L. Hillman, for Appellants.

No appearance for Respondent.

AILSHIE, C. J.—Respondent, a single man, was employed by the Polaris Mining Company, working night shift from October 16 to November 5, 1939, a period of twenty days. During most of that time he worked underground, running a motor. November 5th he was told by the foreman that he had failed to pass the physical examination required; this was called the "pre-employment examination." On the day of the examination, October 31st, X-rays were taken of respondent's chest which showed (according to Dr. Bonebrake's testimony) "a moderate degree of silicosis, ['Degree 2 —non-disabling'] scaling of both apices with evidence of tuberculosis."

At the time of the hearing before the board, a letter was introduced, from Mr. Hoban, treasurer and director of the appellant company, written to the Unemployment Division of the Accident Board and stating, in part, as follows:

"Relative to the claim of Louis Habera. . . . . this man was placed at work but failed to pass the physical examination and for that reason he was discharged. There will be no further cases of this sort since our policy recently has been to examine the man before allowing *them* to go to work."

According to Hoban's testimony, respondent was hired "On a temporary basis, that he must pass the physical examination, and he did not do that. . . . . We would give them this examination as promptly as it was possible for the hospital facilities."

Claim for compensation was filed under section 43–2122 ("Non-Disabling Silicosis—Compensation upon Severance

from Employment"—1939 Sess. Laws, chap. 161, p. 293). An award was entered by the board, giving respondent compensation in the amount of $240 (which is at the rate of $12 weekly, commencing with November 5, 1939, and ending with May 14, 1940). From this order and award, defendants have appealed to this court.

Counsel for the State Insurance Fund has called our attention to the various provisions of the "Occupational Disease Compensation Law" (chap. 161, 1939 Sess. Laws) and has furnished us with a very careful analysis of the act. One fact stands out clearly and unmistakably in the statute, as essential to an award under the act, which does not exist in this case, and that is, the requirement that the employee suffering from non-disabling silicosis must have been "exposed to the hazards of the disease during a period of sixty days or more after the effective date of this chapter." (Secs. 43–2107 and 43–2109; see, also, *In re Jefferies*, 105 Ind. App. 349, 14 N. E. (2d) 751.) This statute is a departure from the original compensation law and is intended to include certain occupational diseases in the list of compensable accidents not theretofore covered. In attempting to do so, the legislature evidently anticipated difficulty in the application and administration of such an act unless very definite bounds were fixed within which it might operate. It accordingly prescribed certain limitations and prohibitions (secs. 43–2117, 43–2119).

The statute clearly recognizes two classes of silicosis: (a) "disability" silicosis (secs. 43–2166, 43–2117, 43–2119 and 43–2120), and (b) "non-disabling silicosis" (secs. 43–2121, 43–2122). The disease of either class, as recognized by the statute, however, is *silicosis*, whether it is *disabling* or *non-disabling*. Here the employee was "discharged from employment" in which he was engaged, "after an examination" disclosing that he was afflicted with "non-disabling silicosis" (sec. 43–2122); and the claim for compensation here made was for "loss by reason of such discharge or termination of employment." The statute (sec. 43–2107) definitely fixes the liability in silicosis cases upon the *employer only* "in whose employment the employee was last injuriously exposed to the hazards of the disease during a period of sixty days or more after the effective date" of the enactment of the statute. And

section 43–2109 further provides that ''An employer shall not be liable for any compensation for a non-acute occupational disease unless such claimant was exposed to the hazards of such disease for a period of sixty days for the same employer.''

The provisions of the law state the conditions on which liability can only rest. It is not sufficient to say that this statute only applies to *disability* silicosis, for the reason that the discharge was predicated upon the admitted grounds that the employee was afflicted with silicosis. It is true that it was designated *non-disabling* silicosis; nevertheless, it was silicosis, to the hazard of which he had been and was being exposed in the employer's service. We think it was clearly the intention of the legislature that liability for such condition should not be imposed by law upon the last employer until he has exposed the employee to at least sixty days hazard of ''dust of silicon dioxide $(SiO_2)$.'' (Sec. 43–2104, subsec. 11.) Here the workman had been in the employ of appellant mining company only twenty days and that was with the *understanding that he could remain in its employ only if he passed a successful* ''pre-employment examination.'' The examination disclosed ''nondisabling silicosis.'' (Sec. 43–2121.) There was no competent evidence before the board to justify or support an order awarding compensation to respondent.

Order reversed with directions to dismiss the application.

Givens, Morgan and Holden, JJ., concur.

Budge, deeming himself disqualified, did not participate in this decision.