(No. 7170. February 7, 1945.)

SAMUEL MORGAN, as Administrator of the Estate of Frances Morgan, deceased, Appellant, v. J. R. SIMPLOT, Employer, and CONTINENTAL CASUALTY COMPANY, Surety, Respondents.

[155 Pac. (2d) 917.]

E. B. Smith for appellant.

Hawley & Hawley for respondents.

BUDGE, J.—The following statement will be sufficient to a proper understanding of the material questions involved.

This appeal is prosecuted by Samuel Morgan, as administrator of the estate of Frances Morgan, deceased, from an order made by the Industrial Accident Board on November 19, 1943, denying compensation to Frances Morgan, who died November 22, 1943.

Frances Morgan was employed by J. R. Simplot in a dehydrating plant owned and operated by him at Caldwell from November 4 to December 12, 1942, a total of 34 days. Her work consisted of coring and peeling onions, with other women doing the same work, at tables over which the onions were conveyed by means of a conveyor belt. The work was performed in an enclosed room, the atmosphere of which was more or less laden with the fumes of the

onions. The doors were kept closed, except when opened for ventilation purposes during rest periods and at lunch time. The cement floor at times was damp. There is evidence to the effect that the room was heated by an electric heater which was placed on a shelf higher than the heads of the workers, causing the fumes to be blown down onto the workers.

The board found that "claimant ceased her employment on the 12th day of December, 1942, because she was sick. While she was in her employment, she twice visited a physician at Caldwell, and after she ceased her employment, sometime in the month of December, 1942, she called on a physician in the City of Boise, because of her condition, claiming that in the latter part of November she had had pneumonia and that she had not recovered from the chest condition * * *" Claimant was hospitalized on two different occasions, and was under the care of her physician in Boise until the middle of June, 1943. The doctor did not see her again until September of that year. August 19, 1943, claimant filed a claim with the Industrial Accident Board for compensation in which, among other things, she alleged that she sustained an accident resulting in injury arising out of and in the course of her employment. In describing how said accident happened, her claim for compensation shows "pneumonia from breathing fumes of onions," and that the part of her person injured and nature of injury was her lungs. Or, in other words, that she contracted pneumonia, while employed as aforesaid, from breathing onion fumes.

A hearing was had before the Industrial Accident Board and on the 19th day of November, 1943, the board entered its order denying claimant's claim for compensation and dismissing her application, from which order this appeal is prosecuted.

Appellant assigns and relies upon three assignments of error as grounds for reversal:

I.

"The Industrial Accident Board erred in finding and ruling that claimant did not, during the month of November and December, 1942, while in the employ of respondent, sustain personal injury caused by accident arising out of

and in the course of her employment; also in ruling that she did not suffer occupational disease, because:

"The evidence shows, and the Board found in its Finding No. VIII, that the affliction suffered by claimant, Frances Morgan, was most probably caused and contributed to by her having been exposed to the highly pungent, irritating fumes of onions during her work with respondent employer.

## II.

"The Board erred in ruling and ordering that claimant, Frances Morgan, was not entitled to have and receive from respondents workmen's compensation benefits, for the reason set forth in Paragraph No. 1 hereof.

## III.

"The evidence is insufficient to sustain the order of the Board denying compensation benefits."

As stated in appellant's brief, the single question here presented is whether or not the evidence is sufficient to support the order of the board denying compensation.

To somewhat clarify finding No. VIII referred to in claimant's assignment of error No. 1, it may be advisable to quote the finding, which is as follows:

"The testimony as to the cause of claimant's illness is conflicting. At the hearing her attending physician was first of the opinion that the disease from which the claimant is and ever since the month of December, 1942, has been suffering, was very possibly caused 'from onion fumes as similar to the poisoning that is obtained from mustard gas.' As his testimony progressed, however, by a process of elimination of other causes, he put this cause in the realm of probability.

"To the contrary, an examining physician called by defendants, whose qualifications were admitted by claimant's attorney, testified in his opinion onion fumes would not cause pneumonia.

"It is very doubtful in our minds that onion fumes bear any close chemical relation to mustard gas, but it is well known that the odor of onions is pungent and highly irritating particularly to some individuals.

"In view of the attending physician's testimony we find, that onion fumes most probably contributed to claimant's sickness, because of an idiosyncracy, an allergy or susceptibility to their action, peculiar to her; and that her sickness has been caused in large part to her working in the dehydrating plant of the employer during the months of November and December, 1942, and under the conditions there existing."

It will be noted from reading the above finding that the board did not find that claimant's illness was pneumonia contracted by inhaling onion fumes, but definitely found, on a conflict in the testimony, that the breathing of onion fumes by claimant would not cause pneumonia. In its rulings of law the board concluded that claimant's disease did not result directly or otherwise from an injury by accident.

The question before the board was whether or not claimant sustained an accident on December 12, 1942, resulting in injury arising out of and in the course of her employment, to-wit, the contracting of pneumonia by breathing onion fumes.

In *Cain v. C. C. Anderson Co.,* 64 Ida. 389, 133 P. (2d) 723 at 726, it is held:

"The rule is too well established in this jurisdiction to require the citation of authorities to support the proposition that findings of fact by Industrial Accident Board, when supported by any competent evidence, are conclusive on appeal to this court."

In *Benson v. Jarvis,* 64 Ida. 107, 127 P. (2d) 784, it is stated:

"The following principles of law are well settled in this jurisdiction, namely, that in compensation cases, claimant has the burden of proving his case by a preponderance of the evidence (*Leach v. Grangeville Highway District,* 55 Ida. 307, 41 P. (2d) 618; *Cunningham v. Armour & Co.,* 133 Neb. 598, 276 N.W. 393; *Wilhelm v. Narregang-Hart Co.,* 66 S.D. 155, 279 N.W. 549); that the credit and weight to be given the testimony in Industrial Accident proceedings is for the Industrial Accident Board (*In re MacKenzie,* 54 Ida. 481, 33 P. (2d) 113; *Bussy v. Industrial Accident*

*Comm.,* 26 Cal. App. (2d) 211, 79 P. (2d) 169) ; that Industrial Accident Board's findings are conclusive upon appeal if supported by competent evidence, this court's jurisdiction being limited to questions of law. (*Stroscheim v. Shay,* 63 Ida. 360, 120 P. (2d) 267.)"

 The pertinent question for determination is whether or not there is any substantial competent evidence to sustain the board's findings of fact upon the material points involved. If an examination of the record discloses that the findings are supported by any substantial competent evidence, such findings will not be disturbed on appeal.

 We do not deem it necessary to recite the testimony, pro and con, of the witnesses called by the respective parties. Suffice it to say, after a careful consideration of the record, we have reached the conclusion that we cannot say there is an absence of any substantial competent evidence to sustain the board's findings that claimant did not sustain an accident within the meaning of the Workmen's Compensation Law which resulted in personal injury, to-wit, pneumonia.

Coming now to the question raised in assignment of error No. I, that the board erred "also in ruling that she (claimant) did not suffer occupational disease."

From the record it appears that 120 women were engaged in the same kind of employment as claimant, and under the same conditions, and as found by the board in its finding of fact IX:

"* * * that there is no evidence in this record that the employer knew of any other instances having occurred that his employees working in such onion fumes had suffered any deleterious effects therefrom, or that working therein constituted a hazard to his employees, or that the said conditions constituted a hazard to the detriment of the health, welfare, and best interests of his said employees. We find that the room in which claimant was working was comparatively well ventilated, and that said employer was not negligent or careless in that he in no wise made any effort to control or eliminate, or did not control or eliminate, any known hazard to his employees then working in such onion fumes."

In its rulings of law the board concluded:

"That claimant is and has been suffering from a disease. That said disease did not result directly or otherwise from an injury by accident. That if said disease is an occupational disease, it is not one of the occupational diseases for which compensation is provided in section 43-2104, I.C.A."

An examination of the Occupational Disease Compensation Law (Sess. Laws, 1939, chap. 161, p. 286) discloses that the illness alleged to have been suffered by claimant is not included therein. Not being so included no recovery under the statute would be available to claimant.

Furthermore, there is a total absence of any competent and substantial evidence, even conceding, but not admitting, its applicability. Before any disease may be classified in a legal sense as an occupational disease, it must be a disease, or diseased condition, which is peculiar to a given occupation and brought about by exposure to certain harmful conditions which are constantly present, and to which all workmen in the occupation are continually exposed. (*Polson Logging Co. v. Kelly* (Wash.), 80 P. (2d) 412.)

In the instant case there is an absence of substantial evidence to support an award that the disease or infection from which claimant suffered was contracted through the inhalation of onion fumes, or that her illness or infection arose naturally and proximately out of her employment. There was no extra-hazard connected with claimant's employment. All co-laborers were exposed to the same conditions and the breathing of onion fumes, and suffered no deleterious effects therefrom, as found by the board.

Therefore, the board did not err in finding and concluding that claimant's disease was not an occupational disease entitling her to compensation.

The order of the board is affirmed. Costs to respondents.

Ailshie, C.J., and Givens and Miller, JJ., concur.

Holden, J., did not sit at the hearing nor participate in the decision.