201 P.2d 93

## HILL v. SULLIVAN MINING CO.

No. 7471.

Supreme Court of Idaho.

Dec. 21, 1948.

Chas. E. Horning, of Wallace, Sennett S. Taylor, of Mullan, and Robert E. Brown,. of Kellogg, for respondent.

E. B. Smith, of Boise, for appellant.

GIVENS, Chief Justice.

Appellant sought compensation from respondent on account of silicosis and bilateral pulmonary tuberculosis under Section 43-2109, I.C.A.[1]

---

[1] "An employer shall not be liable for any compensation for an occupational disease unless such disease shall be due to the nature of an employment in which the hazards of such disease actually exist, are characteristic of, and peculiar to the trade, occupation, process, or employment, and is actually incurred in his em-

The record before the Board and us on appeal consists of a stipulation of facts as follows:

Appellant worked—"In the Hecla from November 4, 1922 to July 23, 1923, 8 months and 19 days; then in the Hecla February 4, 1924, to March 29, 1926, 2 years and 1 month and 2 days; then in the Star Mine for the Sullivan Company, December 3, 1929 to March 8, 1930, 4 months and 5 days; then at the Star Mine from August 24, 1936 to November 17, 1937, 1 year 2 months and 23 days; then in the Star from December 7, 1937 to May 19, 1939, 1 year 5 months 12 days; then in the Star from April 3, 1941 to August 12, 1942, 1 year, 4 months and 9 days, as yard man; then at the Star from January 1, 1943 to September 21, 1944, as yard man, 1 year 9 months 21 days; and that he left the employ of the Sullivan Mining Company at or about the date last mentioned, September 21, 1944, for the reason that he wanted to go to California and get work in the ship yards, and that he did go down there to California and worked at the ship yards at Richmond, California, 8 months and 11 days doing carpentry work. Then he went from there to Berkeley where he worked for the Tank & Pipe Works until about March 1946, doing pipe fitting at $1.15 per hour working 5 days per week, 8 hours per day. He came from there back to Wallace, Idaho, where he worked at carpentry work for John Batts, Tony Mautz and Gunsalus, a contractor. He worked on those various jobs until sometime in September, 1947 at which time he quit and went down to Payette, Idaho, and hasn't worked since that time. Correcting the above, Mr. Hill, when he left the Sullivan employ went to Farragut where he was employed as a carpenter at $1.55 per hour working 8 hours per day and 6 days per week and he remained on that job 4 months. This employment was between August 12, 1942 and January 1, 1943."

That appellant "was employed by the Sullivan Mining Company for approximately 3 years and 2 months after he had filed his claim for compensation, and earned in that employment, $6,929.69."

That the work which appellant performed for the defendant employer prior to May 19, 1939, was underground mining work; that appellant—" * * * was examined by Drs. Smith and Ellis and particularly Bekwitz of Wallace, Idaho, on

---

ployment and unless disablement or death results within two years in case of silicosis, or one year in case of any other occupational disease, after the last injurious exposure to such disease in such employment, or in case of death, unless death follows continuous disability from such disease, commencing within the period above limited, for which compensation has been paid or awarded or claim made as provided in this chapter, and results within two years after such last exposure.

"An employer shall not be liable for any compensation for a nona-cute occupational disease unless such claimant was exposed to the hazard of such disease for a period of 60 days for the same employer." Section 43-2109, I.C.A.

January 14, 1937, and his condition at that time was found to be silicosis Grade 2 with tuberculosis. He was examined again on March 29, 1939 by Dr. E. J. Fitzgerald of Wallace, Idaho, and graded silicosis Grade 3. I think all these were for the Sullivan. He was examined again for either the Sullivan or Hecla, it is immaterial for the purpose of this case, on May 22, 1946, and graded by Dr. Lewis B. Hunter of the firm of Ellis, Bonebrake & Hunter, and graded Silicosis 2 with tuberculosis."

"* * * that in connection with his claim filed with the Industrial Accident Board June 25, 1940, he was examined the 17th of June 1940 by Dr. C. E. Carver of Emmett, Idaho, who had an X-ray study made by Dr. Allan A. Hart, consultant roentgenologist for the State of Idaho at that time. The report of Dr. Allan A. Hart being, in the doctor's opinion that Mr. Hill showed 3rd degree silicosis, both lungs, bilateral pulmonary tuberculosis."

"At the time Mr. Hill filed his claim he was married and had three dependent children under the age of 18 years, and was at that time, on June 24, 1940, receiving wages in the amount of $5.75 per day, working 5 days per week 8 hours per day."

"That Dr. Glenn McCaffery made an examination of Mr. Hill on January 31, 1948, to determine his employability by Bunker Hill & Sullivan Mining Company, and in his opinion the claimant suffered far advanced apical tuberculosis, but in his opinion, without silicosis, and that he was not employable."

The Board found:

"* * * that claimant was not totally incapacitated for remunerative employment within two years after May 19, 1939, or at any time prior to September 1947. This may be regarded as involving both questions of law and fact. The Board rules that in view of claimant's burden he has failed to prove total permanent disablement within the statutory period of two years following his last hazardous exposure."

"That claimant was totally incapacitated for any remunerative employment prior to September, 1947, is negatived by his work record stipulated at the hearing."

The stipulation does not disclose appellant was disabled within two years from the last exposure to silicosis, which was conceded to be May 19, 1939, because while the record is silent as to what he did between May 19, 1939, and April 3, 1941, he worked more or less continuously from 1941 to September 1947, and the burden of proof was on him to show compensatory disablement.

Appellant additionally takes the position that even though he is not entitled to recover under the occupational disease statutes, as not having been disabled within two years of the last exposure to such disease under Section 43-2109, I.C.A., he

is entitled to compensation on the theory that his tuberculosis was so sudden and unexpected as to come within the doctrine of Dobbs v. State Bureau of Highways, 63 Idaho 290, 120 P.2d 263, and authorities therein.

The essential characteristic, however, justifying compensation under the theory of that and similar cases is "the suddenness of the onslaught". The stipulation here shows that instead of being sudden, the tuberculosis was only slowly progressive and extended over some ten years and that there was no sudden, accidental flare-up causing appellant's final disability to work in 1947. Unfortunately, therefore, appellant is not entitled to recover under either theory.

The record does not show that appellant was discharged from employment, though he was not re-employable in mining as of 1948, nor was it determined by a medical panel that it was inadvisable for him to continue in his employment as a miner because he was not then so employed. Hence, he is not entitled to severance pay under Section 43-2122(1), I.C.A.[2]

The order of the Board denying compensation is, therefore, affirmed.

HOLDEN and HYATT, JJ., and TAYLOR and SUTPHEN, District Judges, concur.

[2] "(1) When an employee working subject to this chapter, who has not previously executed any of the waivers referred to in Sections 43-2121, 43-2121a, and 43-2121b, and who would be entitled to compensation under this law if disabled, is, because he has a non-disabling silicosis, discharged from employment in which [he] is engaged, or when such an employee, after an examination as provided in subsection 2 and a finding by the medical panel that it is inadvisable for him to continue in his employment, terminates his employment, the industrial accident board may allow such compensation on account of such discharge or termination of employment as it may deem just as support money pending his change of employment, payable as in this law elsewhere provided, but in no case to exceed $750.00." Section 43-2122 (1), I.C.A.