238 P.2d 425

# SHUMAKER v. HUNTER LEASE & GOLD HUNTER MINES, Inc. et al.

### No. 7743.

Supreme Court of Idaho.

Nov. 30, 1951.

174

Robert E. Smylie, Atty. Gen., Glenn A. Coughlan, Asst. Atty. Gen., for respondent.

Walter M. Oros, Boise, for appellant.

TAYLOR, Justice.

Claimant, a miner, was employed by the respondent employers at the mine operated by them (except for short intervals) from 1936 to April 14, 1949. He worked as a shoveler in the mine from 7–11–36 to 5–27–38; as a miner, 9–21–38 to 3–14–39; as a timberman from 3–14–39 to 2–26–44. From 2–27–44 to 3–26–46 he worked on the outside as a watchman five days a week.

and underground as a timberman one day a week. From 3–26–46 to 4–14–49 he worked five days a week as a watchman on the outside. The employment was terminated on the last mentioned date because the mine was closed down and operations suspended by the employers. In order to qualify for employment elsewhere, claimant went to Dr. Lewis B. Hunter at Wallace for a physical examination. This examination, given on April 26th, 29th and 30th, 1949, disclosed "Grade A or moderate silicosis with questionable tuberculosis." The doctor testified that claimant was not disabled: that is, he could go underground and work, but that he should not do so; that he could not pass him for work where he would be exposed to silica dust, but that he could qualify for employment where he is not so exposed. On September 20, 1949, appellant filed a claim, dated September 7, 1949, claiming compensation under the occupational disease compensation law for disability due to silicosis.

After a hearing, the board made findings not materially differing from the statement of facts given above and found further:

"7. Claimant's last hazardous exposure underground to the inhalation of silica dust was March 25, 1946.

"8. Claimant essayed to show that in his work as a watchman on the surface after March 25, 1946, and up to the time the mine shut down on April 14, 1949, brought him in contact with dust, but the board finds that such exposure was minimal and not hazardous; that his last hazardous exposure to the inhalation of silica dust was March 25, 1946, the last day he worked underground.

"11. The board finds that claimant Shumaker is partially but not totally disabled from moderate, well-developed silicosis, probably complicated with latent but not active tuberculosis of the lungs." and entered the following rulings of law thereon:

"Claimant, suffering partial disability from silicosis, is remediless under the occupational disease compensation law. Sec. 72–1218 I.C.

"Claim having been made September 7, 1949 and filed September 20, 1949, more than two years after last hazardous exposure, March 26, 1946, is barred. Sec. 72–1209 I.C."

Pursuant to these rulings the board dismissed the claim.

Appellant attacks finding numbered 7 on the ground that the statute does not require a showing of "hazardous exposure underground", but "injurious exposure" to the inhalation of silica dust. The statute to which the finding is directed is Sec. 72–1209, I.C., which, so far as applicable here, provides: "An employer shall not be liable for any compensation for an occupational disease * * * unless disablement or death results within two years in case of silicosis, or one year in case of any other occupational disease, after the last injuri-

ous exposure to such disease in such employment, * * *." § 72–1209, I.C.

It is apparent that the finding is not responsive to the statute in that the word, "hazardous", is used to characterize the exposure, instead of the word, "injurious". We believe, however, that it is sufficient for the determination of the present issue. As used in this finding the word, "hazardous", will be taken and understood as referring to an exposure which might be injurious. The necessity of construing a finding would be avoided if the board would follow the language of the statute. Claimant also attacks findings numbers 7 and 8 on the ground that the evidence establishes that he was injuriously exposed to the inhalation of silica dust up to April 14, 1949, when his employment was terminated. This presents a question of the sufficiency of the evidence to support the findings of the board. Such findings will not be disturbed if there is substantial evidence to sustain them. Art. 5, § 9, Const. of Idaho; § 72–608, I.C.; Stralovich v. Sunshine Mining Co., 68 Idaho 524, 201 P. 2d 106.

The appellant, himself, testified that he did not work underground after March 26, 1946. He further testified that thereafter in the performance of his duties as a watchman he was exposed to dust arising from the unloading of used lagging; the sawing of used timbers; tours through the mill three or four times daily; shoveling coal into the boiler; taking out ashes and sweeping the boiler room floor; and sweeping out the "dry Room" where the miners took off their soiled work clothes on leaving the mine. While the evidence may be sufficient to show that most of the dust to which he was thus exposed was silica bearing, it is questionable whether the duration of such exposure—that is, whether periods of exposure were sufficiently long or frequent, and the quantity of the dust inhaled during such exposure—was sufficient to be either hazardous or injurious. Thus, the question remains one of fact and the finding of the board thereon is conclusive. In this connection appellant cites Carlson v. Small Leasing Co., 71 Idaho 35, 225 P.2d 469. In that case the evidence as to exposure was considered sufficient because the exposure to the dust at the screening plant was the only exposure shown, and the fibrotic condition of the lungs showed that silicosis had resulted. In this case the evidence shows that the claimant had worked underground almost continuously for these employers from 1936 to 1944. So, it does not necessarily follow that the condition of his lungs resulted from any exposure occuring during the time he was employed as a watchman.

Appellant also assigns as error the finding and conclusion that he is partially and not totally disabled. The statute defines disability: "In case of silicosis, 'disablement' means the event of the first becoming actually incapacitated, because of such disease, from performing any work in any

remunerative employment; and 'disability' means the state of being so incapacitated." § 72–1216, I.C.

▮ ˙ Again the question presented is one of fact. The testimony of claimant's own doctor (Dr. Hunter) is to the effect that he is not disabled within the meaning of the statute. Carlson v. Small Leasing Company, supra. Apparently for the purpose of overcoming the medical testimony, the claimant testified that he had sought employment elsewhere since the Gold Hunter was closed down and had been unable to obtain any work except for three days at the union office. This testimony cannot overcome the medical evidence referred to and at most presented a question for the board.

The hearing proceeded upon the theory that whatever the disability was, it occurred or culminated at the time of the examination by Dr. Hunter in April, 1949. Assuming, as against the two year statute of limitations, that the claimant may have been entitled to show that the disability existed at an earlier date, there was no evidence which would justify such a finding or conclusion. Appellant elicited testimony from both Dr. Hunter and Dr. Wood to the effect that silicosis is progressive in nature and would become worse without further exposure. This would tend to establish the fact that his disability was not

greater at an earlier date within the two year period.

The finding being that claimant's disability is only partial, no compensation can be awarded. § 72–1218, I.C.

▮ Plaintiff complains of the failure of the board to make an award in his favor under either § 72–1220, I.C. or § 72–1224.

So far as pertinent, § 72–1220 is as follows: "In case of disability or death from silicosis, complicated with tuberculosis of the lungs, compensation shall be payable as for uncomplicated silicosis, provided, however, that the silicosis was an essential factor in causing such disability or death. * * *." The evidence does not support an award under this section (1) because the "disability" here referred to is that described in § 72–1216, supra: That is, it must be total, and (2) because the showing of tuberculosis is insufficient. Dr. Hunter suspected the presence of latent tuberculosis, but found no positive evidence of it. Dr. Wood found no evidence of it from the X-rays.

Section 72–1224 in part provides: "(1) When an employee working subject to this chapter * * * and who would be entitled to compensation under this law if disabled, is, because he has a non-disabling silicosis, discharged from employment in which is engaged, or when such an employee, after an examination as provided in subsection (2) and a finding by the

medical panel that it is inadvisable for him to continue in his employment, terminates his employment, the industrial accident board may allow such compensation on account of such discharge or termination of employment as it may deem just as support money pending his change of employment, payable as in this law elsewhere provided, but in no case to exceed $750.00." Claimant is not entitled to an award under this section. He was not discharged because he had a non-disabling silicosis, nor did he terminate his employment following an examination by a medical panel. Hill v. Sullivan Mining Co., 68 Idaho 574, 201 P.2d 93.

This last case also disposes of appellant's contention that an award should have been made as for an accident under the Workman's Compensation Law. The tuberculosis, if any existed, is latent, and no evidence was offered to show when it occurred, or whether it arose out of or in the course of the employment. Further, there was no indication of a sudden onslaught. Dobbs v. Bureau of Highways, 63 Idaho 290, 120 P.2d 263. Silicosis itself has been removed from the sphere of operation of the Workmen's Compensation Law. §§ 72–201, 72–1204; Goaslind v. Pocatello, 61 Idaho 435, 102 P.2d 650.

The order of the board is affirmed. Costs to respondents.

GIVENS, C. J., and PORTER, THOMAS and KEETON, JJ., concur.