238 P.2d 428

ADAMS et al. v. BITCO, Inc., et al.

No. 7758.

Supreme Court of Idaho.

Nov. 30, 1951.

Walter M. Oros and Herman J. Rossi, Boise, James G. Towles, Kellogg, and Robert J. Fanning, Idaho Falls, for appellants.

Sennett S. Taylor, Mullan, and Chas. E. Horning, Wallace, for respondents.

KEETON, Justice.

Jack Adams, deceased, employed during the latter part of his life by Bitco, Incorporated, died of pneumonia on May 10, 1949. His widow, Helen Adams, for herself and on behalf of minor children of the deceased, filed a claim for compensation with the Industrial Accident Board, alleging that silicosis was a contributing factor to deceased's death, and that the claimants are entitled to an award under the occupational disease law. At a hearing before the Board, oral and documentary evidence was presented, and expert and lay testimony received.

The Board found that the deceased's occupation prior to coming to the Coeur d'Alene mining district in November, 1942, was that of a farmer. Prior to that time he had worked underground in Montana. After coming to Idaho, from December 1, 1942 to August 13, 1943, he worked as a miner for the Sunshine Mining Company.

He was employed by the respondent, Bitco, Incorporated, in September, 1944, working on the surface as a drill bit grinder; retreading drill steel and truck driver. In December, 1942, a pre-employee physical examination showed silicosis Grade one minus.

In March, 1949, deceased caught a cold and an x-ray examination of his lungs showed approximately the same degree of silicosis as the x-ray taken in 1942, and the x-ray further showed pneumonia in the right lung. He returned to work in April, 1949, became ill, was taken to a hospital and there died. Doctors testified that

his death was due to "typical virus pneumonia", antecedent cause was silicosis Grade one plus.

The Board found that virus pneumonia is not a compensable, occupational disease; that the silicosis found to exist in 1942 had not progressed to any degree subsequent to that time, and that deceased's last hazardous exposure to the inhalation of silicon dioxide was when he worked underground for the Sunshine Mining Company. One doctor gave as his opinion that silicosis had nothing to do with the deceased's death.

The Board further found that there was no proof of hazardous exposure to silica dust in the Bitco plant and that Adams did not contract silicosis while so employed; that any silicosis present was contracted prior to entering the employ of the respondent, and that the degree of silicosis never progressed to a degree beyond one plus and that said increase was the normal progress of the disease and not due to hazardous exposure in the respondent's employ. The Board concluded that virus pneumonia is not a compensable, occupational disease, and that there is no substantial evidence in the record which points to an accidental origin.

In rulings of law the Board denied compensation.

█ We have examined the record in detail and find that the Board's findings and conclusions are supported by competent, substantial evidence, and such findings cannot be disturbed on appeal. Sec. 72–608, I.C.; Morgan v. Simplot, 66 Idaho 84, 155 P.2d 917.

█ There is competent, substantial evidence in the record to warrant the Board's conclusion that the cause of the deceased's death was pneumonia. Death due to pneumonia is not compensable under the occupational disease law. Morgan v. Simplot, supra.

Appellant assigns as error a finding of the Board that the deceased was not subjected, while in the employ of Bitco, Incorporated, to "hazardous exposure", contending that Sec. 72–1209 I.C. uses the term "injurious exposure".

The same contention made here was advanced in the case of Shumaker v. Hunter Mines, 71 Idaho 173, 238 P.2d 425, in which the court concluded that the use of the term "hazardous", although incorrect, is sufficient under the facts presented. For a determination of the contention made here, it is sufficient to say that there is no proof that while Adams was employed by the Bitco, Incorporated, the alleged exposure to silicon dioxide was either hazardous or injurious. Hence the distinction, if any, between hazardous exposure and injurious exposure will not be discussed.

The deceased did not work underground subsequent to 1944. There was no showing that he was exposed to silicon dioxide

during his employ with the respondent company.

We find no error. The order is affirmed.

GIVENS, C. J., and PORTER, TAY-LOR and THOMAS, JJ., concur.