272 P.2d 692

PETERSON

v.

SUNSET MINERALS, Inc. et al.

No. 8121.

Supreme Court of Idaho.

June 29, 1954.

Walter M. Oros, Boise, and Eugene F. McCann, Wallace, for appellant

Robert E. Smylie, Atty. Gen., Glenn A. Coughlan, Asst. Atty. Gen., for respondents.

KEETON, Justice.

Claimant, in a proceeding before the Industrial Accident Board, claimed occupational disease compensation for total disability due to silicosis, complicated with tuberculosis. Claimant, with the exception of a short period of time, had worked underground in the employer's mine from October, 1947, to June 1, 1952; had worked for the employer at other times subsequent to 1942 and prior to 1947. Prior to the last employment with the employer, he had been given a pre-employment physical examination and passed to work underground as a miner, with a general rating of B, with Grade 1 silicosis. His last underground employment subsequent to October 1947 was in the capacity of a hoist operator.

After completing work on May 31, 1952, claimant had a lung collapse, described as a spontaneous pneumothorax. He was hospitalized from June 3, 1952, to June 11, 1952. Doctor Hunter diagnosed claimant's condition at that time as silicosis complicated by tuberculosis. The degree of silicosis was not considered by him disabling. The doctor expressed the opinion that claimant was totally disabled from performing any work in any remunerative capacity, due to silico tuberculosis and other causes. Dr. Tyler, director of the Idaho State Tubercular Hospital at Gooding treated claimant at the Gooding hospital from August 28, 1952, to January 23, 1953; testified that he found second stage silicosis and inconclusive evidence of any tuberculous complication; testified that out of 38 sputum tests done between August 28, 1952, and January, 1953, tubercle bacilli were found only on one occasion. In testifying as to the condition of claimant's lungs, the doctor said:

"A. He has nodulation and linear fibrosis in both lungs which could be due to silicosis and it could be due to tuberculosis. It could be due to a number of fungal infections or it could be due to a lot of things.

"Q. What is your diagnosis from that picture? A. Second stage silicosis, and spontaneous pneumothorax on the right."

The doctor testified claimant was totally disabled to do hard manual labor, but could do light work.

Other evidence was introduced as to the claimant's physical fitness, his ability to work, and the causes and extent of the disability, which sustained the conclusion of the Board that claimant was totally disabled for work in any remunerative capacity. At the conclusion of the hearing, the Board found: "Silicosis is an essential but not the major factor in causing claimant's total, prospectively permanent disability," and that "silicosis is a contributing factor to such disability to a degree something more than nominal and fixes it at 25% of all causes of disability."

The Board entered an award apportioned on this basis. From the award claimant ap-

pealed, contending that he is entitled to an award of 100% permanent total disability benefits under the Occupational Disease Law or the Workmen's Compensation Law.

The employer and surety filed a cross appeal, contending claimant is entitled to nothing and that the order should be reversed and the proceeding dismissed.

■ Various findings of the Board are assigned as error and challenged by both parties. The evidence on which the findings were made is in conflict. This Court cannot as a matter of law disturb such findings where they are sustained by competent, substantial evidence. Art. 5, § 9, Idaho Constitution.

■ Claimant contends that there is no evidence in the record to sustain a proportionate award of 25% of total disability due to silicosis. The contributing factors causing total disability other than silicosis complicated by tuberculosis, cannot be fixed with mathematical certainty. In cases such as this, the judgment and determination by the Board in analyzing the evidence, except in cases where supported by no substantial evidence, must be given weight. The Board, as a fact finding body, must, where total disability is established in occupational disease cases, take into consideration all causes of such total disability, and its conclusions cannot be set aside because not measured by some standard of exact certainty. Harris v. Bechtel Corp., 74 Idaho 308, Syl. 6, 261 P.2d 818.

■ There are numerous factors causing claimant's total disability other than silicosis, complicated by tuberculosis, and this Court, from an examination of the record cannot overrule and set aside the finding of the Board except in cases where there is a plain error in the Board's determination. No such error appears.

■ Claimant contends that in making an award there can be no apportionment of the liability, if any, and that he is entitled to 100% total permanent disability. Section 72-1208 I.C. provides:

"Where an occupational disease is aggravated by any other disease or infirmity, not itself compensable, or where disability or death from any other cause, not itself compensable, is aggravated, prolonged, accelerated, or in any wise contributed to by an occupational disease, the compensation payable shall be reduced and limited to such proportion only of the compensation that would be payable if the occupational disease were the sole cause of the disability or death as such occupational disease, as a causative factor, bears to all the causes of such disability or death, such reduction in compensation to be effected by reducing the number of weekly or monthly payments or the amount of such payments, as under the circumstances of the particular case may be for the best interest of all the parties."

In the instant case, the Board found claimant to be totally disabled, partially due to silicosis as a contributing factor.

Claimant being totally, permanently disabled from performing remunerative work, the apportionment so made by the Board is specifically authorized by the section above quoted. Other contributing factors to claimant's total disability were not compensable.

In support of claimant's contention he cites Bishop v. Morrison-Knudsen Co., 64 Idaho 806, 137 P.2d 963. Liability arose in that case under Workmen's Compensation Law as distinguished from Occupational Disease Law. It is not an authority in the matter before us.

Claimant argues that the collapse of the lung, pneumothorax, was a personal injury by accident, arising out of and in the course of his employment, which condition was caused by silicosis and tuberculosis and hence claimant is entitled to recover under the Workmen's Compensation Law.

■ The Occupational Disease Law, Section 72–1201 et seq., I.C., was passed in 1939, subsequent to the Workmen's Compensation Law, Section 72–101 et seq., I.C., and has classified silicosis as an occupational disease, and not as an accidental injury. The Legislature having so classified occupational diseases, of which silicosis is one, an occupational disease can no longer be considered as an accidental injury, and no recovery can be had predicated on the theory of an accident coming under the Workmen's Compensation Law, distinguished from the Occupational Disease Law. An occupational disease is not an injury by accident, nor is an injury by accident an occupational disease. Section 72–201 I.C.; Goaslind v. City of Pocatello, 61 Idaho 435, 102 P.2d 650; Shumaker v. Hunter Lease & Gold Hunter Mines, 72 Idaho 173, 238 P.2d 425; Iwanicki v. State Industrial Acc. Commission, 104 Or. 650, 205 P. 990, 29 A.L.R. 682.

■ Claimant contends that his condition was caused by negligence on the part of employer, for which reason a total disability award should be made. Negligence or contributory negligence is not recognized as a factor in determining liability under Workmen's Compensation Law or Occupational Disease Law. Section 72–102 I.C.; Gifford v. Nottingham, 68 Idaho 330, 193 P.2d 831.

In the appeal of the employer and State Insurance Fund, the employer contends there was no evidence to support the conclusion that claimant was exposed to the inhalation of silica dust for a period of five years during the ten year period immediately preceding his disability and argues that claimant's underground employment was that of a hoist man and not a miner.

■ Claimant was examined by Dr. Hunter August 22, 1947, and found to have Grade 1 silicosis. He had worked intermittently for the employer and others in the

Coeur d'Alene mining district, subsequent to 1942. There was evidence that during a part of this time he was exposed to silica dust, and the Board found that subsequent to 1942, and prior to the period of the last employment he had worked underground, exposed to silica dust, more than 19 weeks, which, when added to the four years, thirty-three weeks and five days, during the last period of employment, exceeds the five year period contemplated by Section 72–1217 I.C. Hence there was evidence that supported the Board's finding.

The employer contends that no compensation is payable for partial disability due to silicosis and cites: Carlson v. Small Leasing Co., 71 Idaho 35, 225 P.2d 469; Shumaker v. Hunter Lease & Gold Hunter Mines, 72 Idaho 173, 238 P.2d 425; Kernaghan v. Sunshine Mining Co., 73 Idaho 106, 245 P.2d 806. In none of the cases cited was the claimant found to be disabled from performing any work in any remunerative employment. In other words, the claimants in the cases cited were not totally disabled. In the instant case, claimant was found to be so disabled. Hence none of the cases cited is in conflict with the conclusion here reached.

■ Section 72–1228 I.C. provides that the notice of manifestation of an occupational disease shall be given by the workman to the employer within 60 days after the first manifestation thereof, and except in cases of silicosis, within five months after the employment has ceased in which it is claimed the disease was contracted. The last date of employment was May 31, and the notice in this case was filed November 10, 1952. The employer contends that the claim is barred by the provisions of this section. The lack of 60-day notice after the first manifestation was not urged, and when claimant was employed in his last employment, he already had Grade 1 silicosis which had been determined by Dr. Hunter and contained in his pre-employment report. The giving of the written notice within five months after the employment ceased by terms of Section 72–1228 I.C. does not apply to silicosis claims. Notice of such claims for compensation is expressly excepted.

The Board further ruled that the section above referred to had no application to the situation, and if it did have, the time limitation was by the employer waived. We conclude the claim was not barred by the provisions of the statute, Section 72–1228 I.C.

■ The employer argues that it was error for the Board members not to inspect the mine in which the claimant claimed he contracted silicosis and not to appoint a silicosis panel as requested by the employer. No reason is set out in the request stating why such panel should be appointed, nor was any reason given as to why the members of the Board should inspect the mine. Just what the Board members could have learned or discovered by an inspection of the mine is not disclosed, nor were any facts suggested that could, or might, have

been developed by the appointment of a medical or silicosis panel. In the presentation of the case, the employer shows nothing that could have been prejudicial to it or the surety by the action of the Board. Under the circumstances presented the refusal of the Board to inspect the mine or appoint such panel does not present reversible error.

The order appealed from is affirmed. Costs to appellant and cross-respondent.

PORTER, C. J., and GIVENS, TAYLOR and THOMAS, JJ., concur.