272 P.2d 696

YANZICK

v.

SUNSET MINERALS, Inc. et al.

No. 8115.

Supreme Court of Idaho.

July 2, 1954.

Walter M. Oros, Boise, Eugene F. Mc-Cann, Wallace, for appellant.

Robert E. Smylie, Atty. Gen., Glenn A. Coughlan, Asst. Atty. Gen., for respondents.

PORTER, Chief Justice.

On May 25, 1951, appellant filed with the Industrial Accident Board a formal claim under the Occupational Disease Compensation Law for compensation for silicosis. On July 9, 1951, the surety, by letter, denied liability. On May 28, 1953, petition for hearing was filed on claimant's behalf. Thereafter, an amended petition for hearing and an answer thereto were filed. Hearing in the matter was had and was completed on October 22, 1953. The board made and filed findings of fact and conclusions of law and entered an order denying an award of compensation to appellant. From such order, he has duly appealed to this court.

On April 28, 1951, the last day appellant worked for respondent, Sunset Minerals, Inc., he was a married man, 60 years of age. He had spent most of his adult life in the Coeur d'Alene mining district working as an underground miner, carpenter and sawmill man. In 1939 he went to work as an underground miner for the Federal Mining and Smelting Company. At that time he was advised by the examining doctor that he was afflicted with silicosis. He continued such employment until October 31, 1944.

On December 20, 1945, appellant went to work for respondent, Sunset Minerals, Inc., as a surface carpenter and sawmill man. Apparently, he was again told that he had silicosis. He continued in such employment until April 28, 1951. At such time he was found to be afflicted with silico-tuberculosis and totally disabled for gainful occupation.

Section 72–1217, I.C., provides as follows:

"No claim for disability or death from silicosis shall be maintained or prosecuted otherwise than under the provisions of this chapter, or come within the provisions of this chapter, unless during the ten years immediately preceding the date of disablement the employee has been exposed to the inhalation of silica dust over a period of not less than five years, the last two years of which shall have been in this state, under a contract of employment existing in this state, provided however, that if the employee shall have been employed by the same employer during the whole of such five-year period, his right to compensation against such employer shall not be affected by the fact that he had been employed during any part of such period outside of this state."

The principal ground for the denial by the board of an award of compensation was that appellant did not qualify under the terms of the foregoing statute. In this connection the board made the following findings of fact:

"Dec. 20, 1945, Yanzick went to work for Sunset Minerals, as a carpenter and continued in that status until his termination at the end of his shift, April 28, 1951. At infrequent intervals his duties were underground, building forms and pouring concrete. These underground activities did not aggregate more than half a year and were not performed in close proximity to active mining operations.

"In the 10-year period preceding his date of disablement on April 28, 1951, claimant was not injuriously exposed to the inhalation of silica dust for a period or periods aggregating five years."

Appellant contends that the board erred in making these findings of fact and that the same are not sustained by the evidence. The 10-year period immediately preceding the date of disablement would be from April 28, 1941, to April 28, 1951. During such time appellant worked for the Federal Mining and Smelting Company as an underground miner for three years and six months. Although he testified he only worked underground about one-half the time, we may assume he was exposed to the inhalation of silica dust for such period of three and one-half years. The board found that in his employment as a carpenter by the Sunset Minerals, Inc., appellant only worked underground at infrequent intervals and not to exceed one-half year altogether. This finding is supported by substantial evidence. Appellant disputes such finding and contends that the evidence shows he spent at least one and one-half years in the aggregate underground. Some of his evidence may tend to contradict such finding although his evi-

388

dence as to the amount of time spent underground is indefinite and uncertain.

Appellant further contends that he was injuriously exposed to silica dust while working in the sawmill, the mill, the crusher plant, the dry, and while handling timbers. Appellant cites Carlson v. Small Leasing Co., 71 Idaho 35, 225 P.2d 469, to support his contention that a workman may be injuriously exposed to silica dust either in or outside of a mine; and that evidence of exposure to inhalation of silica dust and proof of existence of the silicotic condition establishes a prima facie case of injurious exposure. In the Carlson case the silicotic condition was progressing and there was no evidence of any exposure to silica dust other than the surface exposure in question. Such showing of injurious exposure was uncontradicted. In the instant case the silicotic condition of appellant was present in 1939 and was again noted in 1945 when appellant went to work for respondent, Sunset Minerals, Inc. His claimed surface injurious exposure to silica dust is contradicted in the evidence.

In Kernaghan v. Sunshine Mining Co., 73 Idaho 106, at page 111, 245 P.2d 806, at page 809, we said:

"It is, of course, the duty of the board to determine what constitutes 'injurious exposure'. In doing so it may decide what standards it will accept as a guide to its findings upon that issue. Kennecott Copper Corporation v. Industrial Comm. [115 Utah 451], 205 P.2d 829. The weighing and evaluating of such evidence is also for the board. Dyre v. Kloepfer and Cahoon, 64 Idaho 612, 134 P.2d 610."

On an appeal from an order of the Industrial Accident Board, we are limited to a review of questions of law. Article 5, § 9, Idaho Constitution; Section 72–608, I.C. We can only consider the evidence to determine whether or not there is competent and substantial evidence to support the board's findings of fact. Paull v. Preston Theatres Corp., 63 Idaho 594, 124 P.2d 562. Where there is competent and substantial evidence to support the board's findings of fact, such findings will not be disturbed on appeal. Stralovich v. Sunshine Mining Co., 68 Idaho 524, 201 P.2d 106; Shumaker v. Hunter Lease & Gold Hunter Mines, 72 Idaho 173, 238 P.2d 425; Adams v. Bitco, Inc., 72 Idaho 178, 238 P.2d 428; Kernaghan v. Sunshine Mining Co., supra. The findings of fact in question are amply supported by competent and substantial, though conflicting, evidence. By virtue of such findings of fact an award of compensation to appellant under the Occupational Disease Compensation Law is barred by Section 72–1217, I.C. See Habera v. Polaris Mining Co., 62 Idaho 54, 108 P.2d 297.

Appellant makes the additional contention that he is entitled to an award on

the theory that his disablement by silicosis is an accident arising out of and in the course of his employment. We have quite recently held that since the enactment of the Occupational Disease Compensation Law an award of compensation for silicosis cannot be made on the ground that silicosis constitutes a compensable accident. In order for a claimant to be entitled to an award for disablement from silicosis he must bring himself within the terms and provisions of the Occupational Disease Compensation Law. See Peterson v. Sunset Minerals, Inc., Idaho, 272 P.2d 692.

In view of the foregoing holdings it is unnecessary for us to pass upon the contention of respondents that the claim is barred because the petition for hearing was not filed within one year after the filing of the claim as required by Section 72–407, I.C.; or to pass upon the contention of appellant that such statute of limitation was waived by a failure to plead the correct statute of limitation. Respondent pleaded Section 72–406, I.C., instead of Section 72–407, I.C.

The order of the Industrial Accident Board denying an award of compensation to appellant is affirmed. Costs to respondents.

GIVENS, TAYLOR, THOMAS and KEETON, JJ., concur.