319 P.2d 187

Gertrude Elsie PETERSON, surviving widow, Claimant-Appellant,

v.

JEROME COOPERATIVE CREAMERY ASS'N, Employer, and Liberty National Insurance Company, Surety, Defendants-Respondents.

In re Frank Peterson, Deceased.

No. 8560.

Supreme Court of Idaho.

Dec. 12, 1957.

Rayborn & Rayborn, Kramer & Walker, Twin Falls, for appellant.

Glenn A. Coughlan, Asst. Atty. Gen., for surety-respondent.

Frank M. Rettig, Jerome, for employer-respondent.

TAYLOR, Justice.

Frank E. Peterson was in his seventy-second year at the time of his death, December 15, 1956. He had been employed by the respondent, Jerome Cooperative Creamery, at Twin Falls, Idaho, and claimed to have suffered a fall, injuring his left hip, May 13, 1956, near the compressor in the boiler room where he was employed.

After his death the claimant, his widow, claimed compensation for total disability, from the date of the accident until his death, and for medical expenses and death benefits. The claim is based upon the asserted ground that the injury sustained in the fall aggravated pre-existing infirmities and thus contributed to and hastened death. From an order denying compensation the widow brings this appeal.

The issues as to whether or not an accidental injury had occurred, and whether timely notice had been given to the employer, were litigated before the board. Since the board's findings on these issues were favorable to appellant, we are not here concerned with them, except to the extent the evidence thereon may have probative value in determining whether causal connection was shown between injury and death.

After reviewing the evidence and making its findings thereon, the board ruled as follows:

"While claimant established with reasonable probability that her deceased husband suffered a slight injury by accident arising out of and in the course of his employment, she failed by a preponderance of the evidence to prove beyond a possibility that such injury contributed to or hastened his death."

The sole question presented is the sufficiency of the evidence to support the

board's finding, or, conversely, whether, as a matter of law, the evidence is sufficient to require the board to find a causal connection between the injury and death by more than a bare possibility. The issue of fact was summarized by the board as follows:

"This case is complicated by medical questions arising out of the decedent Peterson's injuries and infirmities pre-existing his claimed accident of May 13, 1956. Not only was he an old man with senescent conditions, including arteriosclerosis, but he had had previous accidental injuries, resulting in some residual infirmities and he was afflicted with chronic diseases, certainly with diabetes mellitus, which is known to have existed for at least eight years, and nephritis, which as a medical probability was of long standing. It is undisputed that the last mentioned disease was the direct cause of death. The principal medical issues herein arise out of a condition which was not recognized until six months after Peterson was first treated for what turned out to be his last illness. This condition was in decedent's left hip. Not itself the cause of death, it is reasonably probable that it hastened death. The conflict in medical opinion herein revolved around the origin of that condition, specifically whether it was probable or merely possible that such origin was traumatic."

Four doctors testified concerning the diseased condition of the deceased's left hip and the possible causes thereof. From their testimony it appears the condition was ultimately reasonably established as necrosis of the femoral head, acetabulum and ilium, associated with arthritis and neuritis. This diseased condition of the hip was found to be a probable contributing and hastening cause of death. That conclusion raised the further question as to whether the condition of the hip was caused by the alleged injury or whether it arose from other cause or causes.

Dr. V. V. Telford, the attending physician, described the necrosis of the hip as "aceptic" and expressed his opinion that the injury to the hip was a contributing cause.

Dr. Glenn Q. Voyles, an internist called in by Dr. Telford, diagnosed the disease of the hip as an aceptic necrosis, which could have had its origin in a perforating injury or an infection from the blood stream; the condition could have arisen without trauma; and the fact that the patient had a low grade fever when admitted to the hospital would indicate infection.

Dr. Paul B. Heuston, a radiologist, also called in by Dr. Telford, made a series of X-ray examinations. He expressed the opinion that the necrosis was more likely to have arisen from infection than from

trauma, because the acetabulum of the ilium was involved. He explained that an inflammatory process would be more apt to cross the joint and cause acetabular and iliac destruction than would aceptic necrosis of the femoral head. In aceptic necrosis, the blood supply to the femoral head only is affected, the blood supply to the acetabulum is not involved.

Dr. William H. Woodson, an orthopedic surgeon, testified from an examination of the X-ray films and some of the medical reports in the case. He noted a marked narrowing of the joint space shown by the successive X-ray films, which he thought to be indicative of an infectious process. He also noted the involvement of the acetabulum. After naming and analyzing four possible causes of the hip condition, he gave his opinion that infection was the most likely cause.

It is apparent from the foregoing that the preponderance of the evidence supports the board's conclusion that claimant failed to prove more than a possibility that the injury contributed to or hastened death. In such circumstances the finding of the board is conclusive. Shumaker v. Hunter Lease & Gold Hunter Mines, 72 Idaho 173, 238 P.2d 425; Adams v. Bitco, Inc., 72 Idaho 178, 238 P.2d 428; Darvell v. Wardner Industrial Union, 78 Idaho 309, 302 P.2d 950; Miller v. Bingham County, 79 Idaho 87, 310 P.2d 1089; Art. 5, § 9, Const.; §§ 72–608, 72–609, I.C.

The order is affirmed.

KEETON, C. J., and PORTER, SMITH and McQUADE, JJ., concur.